**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Martin Celestino MORALES-GUMECINDO, a.k.a. Martin Celestino-Gomesindo, a.k.a. Martin Celestino Gomesindo Morales, a.k.a. Martin Morales-Gumecindo, Defendant-Appellant.**

**No. 16-10034**

United States Court of Appeals, Ninth Circuit.

Submitted December 14, 2016 [*]

Filed December 21, 2016

Erica Leigh Seger, Assistant U.S. Attorney, USTU—Office of the US Attorney, Tucson, AZ, for Plaintiff-Appellee

Randolfo V. Lopez, Attorney, Randolfo V. Lopez, P.C., Tucson, AZ, for Defendant-Appellant

Before: WALLACE, LEAVY, and FISHER, Circuit Judges.

MEMORANDUM [**]

Martin Celestino Morales-Gumecindo appeals from the district court's judgment

---

[*] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[**] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

and challenges the 41-month sentence imposed following his guilty-plea conviction for reentry of a removed alien, in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Morales-Gumecindo contends that the district court procedurally erred by failing to consider the proposed amendments to U.S.S.G. § 2L1.2 at sentencing. This claim fails. *See United States v. Ruiz–Apolonio*, 657 F.3d 907, 917 (9th Cir. 2011) ( ["W]here an amendment has been promulgated but has not yet been adopted, district courts are not *required* to consider that amendment in the § 3553 analysis . . .").

Morales-Gumecindo next argues that his sentence is substantively unreasonable. He contends that the 16-level enhancement he received for his prior offense resulted in a Guidelines range that was unreasonable. The court did not abuse its discretion in sentencing Morales-Gumecindo. *See Gall v. United States*, 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007). The within-Guidelines sentence is substantively reasonable in light of the section 3553(a) sentencing factors and the totality of the circumstances, including Morales-Gumecindo's criminal history. *See Gall*, 552 U.S. at 51, 128 S.Ct. 586.

**AFFIRMED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.